# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 5282 | **DATE** | 12/1/2000 |
| **CASE TITLE** | BRIAN AND JANE SCHWARTZ vs. HOME DEPOT, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] The motion to dismiss [6-1] is granted in part and denied in part. Counts II through V are dismissed with prejudice. The motion to dismiss Count I is denied. Defendants shall answer Count I by December 12, 2000. ENTER MEMORANDUM OPINION AND ORDER

*/s/ Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | DEC - 4 2000 date docketed | 13 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING 00 DEC -1 PM 5:47 | 12/1/2000 date mailed notice | |
| SB | courtroom deputy's initials | Date/time received in central Clerk's Office | jad mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DOCKETED**

DEC - 4 2000

BRIAN AND JANE SCHWARTZ, )
)
Plaintiffs, ) No. 00 C 5282
)
v. ) Suzanne B. Conlon, Judge
)
HOME DEPOT U.S.A., INC., VINNIE SCALISE, )
MIKE ZILLEOX and JAY OWENS, )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

Brian and Jane Schwartz ("plaintiffs") sue Home Depot U.S.A., Inc. ("Home Depot"), Vinnie Scalese, Mike Zilleox, and James Owens (collectively "defendants") for age discrimination and retaliatory discharge, intentional infliction of emotional distress and slander. Defendants move to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

## BACKGROUND

The following factual allegations are taken from the complaint. *Doherty v. City of Chicago*, 75 F.3d 318, 322 (7th Cir. 1996). Brian Schwartz is a former employee of Home Depot, U.S.A., Inc. ("Home Depot"). Jane Schwartz is Brian's wife; she is currently employed by Home Depot. Mr. Schwartz was recruited by Zilleox to work for Home Depot and promised a promotion by Zilleox within six months of employment. Compl., ¶ 4. Mr. Schwartz was repeatedly passed over for promotions by Zilleox because of his age, despite his qualifications. *Id.* at ¶¶ 9, 11. Mr. Schwartz complained to Home Depot's human resources department about the denial of promotion, but they did nothing. *Id.* at ¶¶ 9-10.



Mr. Schwartz requested a transfer to a position where he would not be under Zilleox's direct supervision. *Id.* at ¶ 12. On January 1, 1999, the request was granted and Mr. Schwartz became an assistant store manager in training. *Id.* at ¶ 13. On May 7, 1999, Mr. Schwartz was subjected to a "wrongful and pretextual investigation, and pretextual disciplinary proceedings" predicated on allegations Mr. Schwartz was engaged in theft and dishonesty. *Id.* at ¶¶ 14-15. As a result of these proceedings, Mr. Schwartz was demoted to store auditor. *Id.* at ¶ 16. After demotion, the human resources department conducted three unannounced and unauthorized investigations of Mr. Schwartz. *Id.* at ¶ 17.

As a result of these actions, Mr. Schwartz filed a charge of age discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") on December 1, 1999. In retaliation for filing the charge, Mr. Schwartz was demoted from store auditor to store watchman. *Id.* at ¶ 19. Mr. Schwartz was also paid on an hourly basis, rather than a salaried basis. *Id.* at ¶ 20. Further, he was scheduled to work exclusively on weekends. *Id.*

Mr. Schwartz alleges further discrimination by defendants. Jay Owens was assigned by the human resources department to investigate Mr. Schwartz's EEOC discrimination charge. *Id.* at ¶ 22. During this investigation, Owens accused both Mr. and Mrs. Schwartz of being "cocksuckers." *Id.* As a result of the harassing and discriminatory treatment he received, Mr. Schwartz resigned from his position at Home Depot in the spring of 2000. *Id.* at ¶ 23.

On May 30, 2000, Mr. Schwartz received his right to sue letter from the EEOC. *Id.* at ¶ 25. On August 28, 2000, Mr. Schwartz filed this action. Count I alleges age discrimination and retaliation against Home Depot. Count II alleges intentional infliction of emotional distress against Home Depot. Count III alleges intentional infliction of emotional distress against Zilleox, Scalese, and Owens. Count

IV alleges slander against Home Depot. Finally, Count V alleges slander against Owens. Defendants move to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

## DISCUSSION

### I  Legal standard

A motion to dismiss tests the sufficiency of the complaint, not the merits of the suit. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). Therefore, the court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in plaintiffs' favor. *Zimmerman v. Burch*, 494 U.S. 113, 118 (1990). The court will dismiss a claim only if "it appears beyond doubt that [the plaintiffs] can prove no set of facts in support of [their] claim which would entitle [them] to relief." *Colfax Corp. v. Ill. State Highway Auth.*, 79 F.3d 631, 632 (7th Cir. 1996).

### II  Count I - Statute of limitations

Defendants assert Count I is barred as untimely. Age discrimination claims are untimely under the ADEA unless filed within 300 days of the alleged unlawful conduct. *Hardin v. S.C. Johnson & Son, Inc.*, 167 F.3d 340, 344 (7th Cir. 1999). Mr. Schwartz was transferred from Zilleox's supervision on January 1, 1999. He filed a charge of age discrimination on December 1, 1999. Defendants argue all of Mr. Schwartz's allegations of failure to promote are thus time-barred, as they should have been filed by November 1, 1999, within 300 days of his transfer.

Mr. Schwartz responds his allegations of failure to promote fall within the "continuing violation doctrine," and are thus an exception to the general 300-day limitation period. This doctrine is designed to "accommodate plaintiffs who can show that there has been a pattern or policy of discrimination continuing from outside the limitations period into the statutory limitations period, so that all discriminatory acts committed as part of this pattern or policy can be considered . . . timely." *Id.* The

3

complaint clearly states a pattern of continuing discrimination and failure to promote (and indeed a policy of demotion) that continued beyond January 1, 1999. The complaint asserts the discrimination was "part of a pattern and practice of discrimination in the terms of the denial of promotional opportunities, discriminatory disciplinary procedures, discriminatory demotions, and retaliation against [Mr. Schwartz] for his internal and external charges of discrimination." Compl., ¶21. This states a continuing violation against Home Depot for both discrimination and failure to promote, and defendants' motion to dismiss these claims must be rejected.

Defendants argue the claims of Zilleox's failure to promote must be dismissed. There might be some merit to this argument if Count I were directed at Zilleox. Nothing in the complaint supports an inference that Zilleox failed to promote Mr. Schwartz within the 300-day limitations period. However, Count I alleges Home Depot failed to promote Mr. Schwartz for discriminatory reasons, and that it failed to do so on a continuous basis from a period extending through his resignation in the spring of 2000. This is sufficient under the continuing violation doctrine.

### III    Count II - Illinois Workers' Compensation Act

Count II asserts a claim for intentional infliction of emotional distress against Home Depot. Defendants argue the Illinois Workers' Compensation Act ("IWCA"), 820 ILCS 305/1 *et seq.*, provides the exclusive remedy for such injuries and bars this tort action against Home Depot. Thus, defendants argue this court lacks subject matter jurisdiction over Count II and must dismiss the claim pursuant to Fed. R. Civ. P. 12(b(1).

Section 5(a) of the IWCA provides:

> No common law or statutory right to recover damages from the employer ... or the agents or employees of ... [the employer] for injury or death sustained by any employee while engaged in the line of his duty as such employee, other than the compensation

4

> herein provided, is available to any employee who is covered by the provisions of this Act.

Section 11 of the IWCA also provides:

> The compensation herein provided, together with the provisions of this Act, shall be the measure of the responsibility of any employer ... for accidental injuries sustained by any employee arising out of and in the course of the employment according to the provisions of this Act.

These sections bar an employee from bringing a common law cause of action against an employer unless the employee-plaintiff alleges: (1) the injury was not accidental; (2) the injury did not arise from employment; (3) the injury was not received during the course of employment; or (4) the injury was not compensable under the Act. *Meerbrey v. Marshall Field & Co.*, 139 Ill.2d 455, 463 (Ill. 1990); *Hunt-Golliday v. Metropolitan Water Reclamation Dist. of Greater Chicago*, 104 F.3d 1004, 1016 (7th Cir. 1997).

Neither the complaint nor plaintiffs' response to this motion asserts Mr. Schwartz's emotional distress did not arise from his employment, was not received during the course of employment, or is not compensable under the IWCA. Mr. Schwartz argues Home Depot intentionally inflicted emotional distress. This argument must be rejected. "[I]njuries inflicted intentionally upon an employee by a co-employee are 'accidental' within the meaning of the Act." *Meerbrey*, 139 Ill.2d at 463. "Because injuries intentionally inflicted by a co-worker are accidental from the employer's point of view, the employer has a right to consider the injured employee's sole remedy against the employer will be under the workers' compensation statute." *Id.* at 463-64. The sole exception to this rule is where the employer or its *alter ego* intentionally inflicts injury upon an employee or where the employer commanded or expressly authorized the intentional injury. *Id.* Mr. Schwartz argues this exception applies because Scalese, Zilleox and Owens were employees of sufficient standing to invoke vicarious

5

liability as to Home Depot. He argues Zilleox was the regional head of loss prevention. These allegations do not satisfy the exception. This condition is only satisfied where the tortfeasor is a "shareholder, officer or director [or] when the corporation was a mere instrumentality of the dominant personality and when strict adherence to the corporate form would promote fraud or injustice." *Al-Dabbagh v. Greenpeace, Inc.*, 873 F.Supp. 1105, 1113 (N.D.Ill. 1994); *Toothman v. Hardee's Food Sys., Inc.*, 304 Ill.App.3d 521, 529 (Ill.App. 1999). Thus, there is no basis to infer Home Depot or its *alter ego* expressly commanded or authorized the alleged improper acts. Further, Mr. Schwartz's argument that the employees were of sufficient standing to impose vicarious liability against Home Depot must be rejected. There is no vicarious liability in this context. "The Act's exclusivity provisions bar employees from bringing common law actions against their employers based solely upon the respondeat superior doctrine." *Hunt-Golliday*, 104 F.3d at 1017 (citing *Meerbrey*, 139 Ill.2d at 465).

Because Mr. Schwartz has failed to allege facts that would meet any of the exceptions to the rule that all tort claims against an employer are barred by the IWCA, this court lacks subject matter jurisdiction over Count II.[1]

## IV    Count II - Illinois Human Rights Act

Even if Count II were not barred by the IWCA, it would be preempted by the Illinois Human Rights Act ("IHRA"), 775 ILCS 5/1-101 *et seq.* The IHRA provides, "no court of this State shall have jurisdiction over the subject of an alleged civil rights violation other than as set forth in the [IHRA]." 775 ILCS 5/1-101. This section preempts common law tort claims that are "inextricably linked" to civil

---

[1] Mr. Schwartz cites *Fitzgerald v. Pratt*, 223 Ill.App.3d 785, for the proposition that intentional torts by co-employees are not barred by the IWCA. Defendants have not moved to dismiss the claims against Mr. Schwartz's co-employees (Count III) as barred by the IWCA, but only those against Home Depot (Count II). Thus, *Fitzgerald* is irrelevant.

rights claims, including discrimination in employment. *Geise v. Phoenix Co. of Chicago*, 159 Ill.2d 507, 516-17 (Ill. 1994). Mr. Schwartz's claim of intentional infliction of emotional distress (Count II) is not independent from his claim of age discrimination (Count I). In fact, Count II realleges the facts contained in Count I and does not add any facts other than allegations that the same acts were extreme and outrageous, intentionally inflicted, and Mr. Schwartz suffered physical and emotional distress. As a result, Count II is preempted by the IHRA and this court lacks subject matter jurisdiction to hear the claim.[2]

**V      Counts II and III - Failure to state claim for intentional infliction of emotional distress**

In order to state a claim for emotional distress under Illinois law, plaintiffs must allege: (a) extreme and outrageous conduct; (b) intent to cause or a reckless disregard of the probability of causing emotional distress; (c) severe or extreme emotional distress; and (d) actual or proximate causation of emotional distress by outrageous conduct. *Hunt-Golliday*, 104 F.3d at 1016 (citing *Doe v. Calumet City*, 161 Ill.2d 374, 392 (Ill. 1994)). Whether conduct is extreme and outrageous is judged by an objective standard. *Van Stan v. Fancy Colours & Co.*, 125 F.3d 563, 567 (7th Cir. 1997). Conduct is extreme and outrageous only if the conduct has been so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency. *Id.* "Mere insults, indignities, threats, annoyances, petty oppressions or other trivialities" do not qualify as outrageous conduct. *Kolegas v. Heftel Broad. Corp.*, 154 Ill.2d 1, 21 (Ill. 1992). "Rather, the nature of the defendant's conduct must

---

[2] Mr. Schwartz cites *Toothman*, 304 Ill.App.3d at 521 for the proposition that the IHRA does not bar a potential claim for emotional distress. *Toothman* is inapplicable. The court did not even consider application of the IHRA, nor were the employee's claims based on discrimination of any kind.

7

be so extreme as to go beyond all possible bounds of decency, and to be regarded as intolerable in a civilized community." *Id.*

In the employment context, Illinois courts recognize that personality conflicts and questioning job performance are "unavoidable aspects of employment" and that "frequently, they produce concern and distress." *Van Stan*, 125 F.3d at 567. "The courts have reasoned, however, that if such incidents were actionable, nearly all employees would have a cause of action for intentional infliction of emotional distress." *Id.* at 567-68. Thus, Illinois courts limit recovery to cases in which the employer's conduct has been truly egregious. *See, e.g., Pavilon v. Kaferly*, 204 Ill.App.3d 235 (Ill.App. 1990) (upholding claim where employer, knowing plaintiff was susceptible to emotional distress, offered her money for sexual favors, fired her after she refused, and after he fired her, threatened to kill her, to rape her, and to file legal action challenging her rights to custody of her child and attempted to disrupt her new employment relationship); *Milton v. Ill. Bell Tel. Co.*, 101 Ill.App.3d 75 (Ill. App. 1981) (upholding claim where employer engaged in extensive course of disciplinary and harassing conduct to coerce plaintiff to falsify work reports). *Cf. Public Fin. Corp. v. Davis*, 66 Ill.2d 85, 93-94 (Ill. 1977) (rejecting claim asserted against company that tried to collect debt by repeatedly visiting plaintiff's home, calling her when she was at her daughter's bedside in the hospital, inducing her to write a check with promises not to cash it and then telling her friend she was passing bad checks); *Khan v. Am. Airlines*, 266 Ill.App.3d 726, 733 (Ill.App. 1994) (rejecting claim against airline employees who arrested and detained plaintiff, who they knew was en route to his father's funeral, for using a ticket that was, unbeknownst to plaintiff, stolen).

It is clear Mr. Schwartz has not alleged facts sufficient to constitute intentional infliction of emotional distress. He alleges only a pattern of discrimination, failure to promote and retaliation.

These fall within the unavoidable aspects of the employment relationship held not to constitute intentional infliction of emotional distress in *Van Stan*. The only specific allegation is that Owens accused plaintiffs of being "cocksuckers." This conduct falls within the realm of "mere insults" and "indignities" that do not constitute intentional infliction of emotional distress. *Kolegas*, 154 Ill.2d at 21. The allegations here resemble those in *Welsh v. Commonwealth Edison Co.*, 306 Ill.App.3d 148 (Ill.App. 1999). There, the plaintiffs alleged they were demoted, transferred, forced to perform "demeaning" and "humiliating" tasks, harassed, intimidated and threatened with termination, all in retaliation for having voiced safety concerns or in an effort to deter them from making complaints to the Nuclear Regulatory Commission. *Id.* at 153. The court found this conduct fell short of the outrageous conduct required to sustain an intentional infliction of emotional distress claim and dismissed the complaint. *Id.* Similarly, Mr. Schwartz's claims of demotion, transfer, and retaliation fall well short of the pleading requirements of an intentional infliction of emotion distress claim.

Furthermore, Mr. Schwartz alleges only that he suffered "physical and emotional distress and injury as a result of the conduct complained." Compl., ¶ 28. The complaint contains no allegations supporting an inference of severe emotional distress. *Welsh*, 306 Ill.App.3d at 155. He does not allege he was hospitalized or required to seek medical care; nor does he allege that he was inflicted with a physical or mental condition rendering him particularly vulnerable to emotional distress. To state an action for intentional infliction of emotional distress, the complaint must be "specific, and detailed beyond what is normally considered permissible in pleading a tort action." *Id.* "Merely characterizing emotional distress as severe is not sufficient." *Id.* at 156. The claims for intentional infliction of emotional distress (Counts II and III) must be dismissed with prejudice.

## VI     Counts IV and V - Slander

Counts IV and V allege Owens' reference to plaintiffs as "cocksuckers" constitutes slander. Under Illinois law, if a person falsely utters words that "charge any person with having been guilty of fornication or adultery," the utterance is slander *per se*. 740 ILCS 145/1. Plaintiffs allege Mr. Owens' comment was an allegation of fornication or adultery. The term allegedly used does fall within the statutorily created category of statements that are considered actionable *per se*. However,

> Even if a statement falls into one of the recognized categories of words that are actionable *per se*, it will not be found actionable *per se* if it is reasonably capable of an innocent construction. The innocent construction rule requires courts to consider a written or oral statement in context, giving the words, and their implications, their natural and obvious meaning. If, so construed, a statement "may reasonably be innocently interpreted ... it cannot be actionable *per se*" ... Whether a statement is reasonably susceptible to an innocent interpretation is a question of law for the court to decide.

*Bryson v. News Am. Publ'ns, Inc.*, 174 Ill.2d 77, 90 (Ill. 1996) (citations omitted).

"[T]he innocent construction rule favors defendants in *per se* actions in that a nondefamatory interpretation must be adopted if it is reasonable." *Chicago City Day Sch. v. Wade*, 297 Ill.App.3d 465, 471 (Ill.App. 1998) (citing *Mittelman v. Witous*, 135 Ill.2d 220, 232 (Ill. 1989)). This "prevents the case from getting to the jury if there is any possible reasonable innocent interpretation of the language." *Chicago City Day Sch.*, 297 Ill.App.3d at 471. It is clear Owens' alleged use of the term "cocksuckers" may reasonably be given a nondefamatory meaning. Although the term literally could refer to fornication or adultery, it has a more common colloquial meaning. The term is generally used to express dislike for an individual, rather than to make a statement about sexual habits. Nothing in the complaint gives rise to an inference that Owens used the term in any manner other than its colloquial meaning. Consequently, use of the term is not actionable as slander *per se*.

Alternatively, Mr. Schwartz argues the statement constitutes slander *per quod*. To pursue a *per quod* action, a plaintiff must plead and prove extrinsic facts to explain the defamatory meaning of the statement, as well as special damages. *Bryson*, 174 Ill.2d at 103. The complaint fails to plead extrinsic facts or special damages.

## CONCLUSION

The motion to dismiss is granted in part and denied in part. Counts II through V are dismissed with prejudice. The motion to dismiss Count I is denied.

ENTER:

*Suzanne B. Conlon*
Suzanne B. Conlon
United States District Judge

December 1, 2000