# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 5282 | **DATE** | 6/12/2001 |
| **CASE TITLE** | Brian and Jane Schwartz vs. Home Depot U.S.A., Inc.., et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] The motion for summary judgment [25-1] is granted. Judgment is entered for defendant Home Depot, Inc., et al. and against plaintiff Brian Schwartz.

*/s/ Suzanne B. Conlon*

(11) ■ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | JUN 22 2001 date docketed | |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | | 35 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 6/12/2001 | |
| SB | courtroom deputy's initials | FILED FOR DOCKETING 01 JUN 21 PM 4:58 | date mailed notice mdf |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BRIAN AND JANE SCHWARTZ, )
)
Plaintiff, ) No. 00 C 5282
)
v. ) Suzanne B. Conlon, Judge
)
HOME DEPOT U.S.A., INC., ET AL., )
)
Defendant. )

**MEMORANDUM OPINION AND ORDER**

Brian Schwartz sues Home Depot, Inc. for age discrimination, retaliation, and constructive discharge in violation of the Age Discrimination in Employment ("ADEA"), 29 U.S.C. § 621 *et seq.*[1] Home Depot moves for summary judgment.

**BACKGROUND**

All facts are undisputed unless otherwise noted. Schwartz, over age 40, began working at Home Depot in 1996 as a supervisor in the loss prevention department. Michael Zilleox, director of loss prevention, hired him. Schwartz's duties consisted of reducing theft. Initially, Schwartz reported to manager Steve Walthuis. Managers oversaw a number of supervisors and were responsible for a group of stores. Zilleox chose candidates for promotion based on longevity at Home Depot and successful performance as a supervisor. Within seven months, Schwartz sought promotion.

---

[1] Brian and Jane Schwartz's complaint contained claims against Home Depot, Vinnie Scalese, Michael Zilleox, and Jay Owens for infliction of emotional distress and slander. The court dismissed these claims with prejudice. Jane Schwartz has no remaining claims. To the extent Schwartz failed to comply with Local Rule 56.1, Home Depot's statement of facts is deemed admitted.

Zilleox promoted five supervisors in 1997. Tom Studebaker was promoted after working about five years as a supervisor. Vinnie Scalese was promoted after working at Home Depot five years, almost three as a supervisor. Schwartz met with Zilleox and Scalese to ask why Scalese was promoted. Schwartz complained his performance merited promotion, and that Zilleox promised to promote him when he was hired. Zilleox said he wanted Schwartz to act as a supervisor longer. Scott Bass was promoted after working for Home Depot over five years, almost three as a supervisor. Schwartz met with Zilleox and Scalese and questioned Zilleox's integrity because Bass was promoted instead of him. Zilleox said he wanted Schwartz to work longer as a supervisor. Ramon Dearrigunaga worked as a supervisor almost five years before becoming a manager. Al Deak was promoted after five years at Home Depot, including three as a supervisor.

In 1998, Zilleox promoted Chris Gilbert, who worked as a supervisor almost three years. That spring Schwartz met with Zilleox and Scalese for the last time to complain he had not been promoted. Zilleox explained he wanted Schwartz to work longer as a supervisor and at another store first. To that end, Zilleox transferred Schwartz to a different store. Schwartz concluded Zilleox would not promote him because he was not obsequious to Zilleox. In July 1998, Schwartz told Zilleox and Bass that he wanted to transfer to a managerial position in the store operations department because he did not want to work for Zilleox any longer. Schwartz also complained to employee relations manager Charlie Walker and human resources manager Owens about not being promoted. But Schwartz never complained he was subject to age discrimination despite believing Zilleox's failure to promote him could constitute age discrimination.

In August 1997, Bass became Schwartz's manager and advised him in a review not to let

his "personal opinions create negativity" and to become "less defensive." Bass based his review on Schwartz's frequent complaints, and his opinion that Schwartz became argumentative when criticized. In December 1997 and April 1998, Bass reviewed Schwartz's performance, resulting in the largest increase a supervisor could receive. In December 1998, Bass and Zilleox learned from Walthuis that Schwartz made unprofessional comments about Scalese during a staff meeting. Zilleox issued Schwartz a verbal warning with Bass present. In April 1999, even though Schwartz transferred out of loss prevention, Bass met with him for his annual review. Bass regularly reviewed supervisors who left loss prevention before an annual review.

In March 1999, Schwartz was promoted to assistant store manager trainee in the store operations department. Schwartz received a salary increase and left Zilleox's supervision and the loss prevention department. A month later, Schwartz telephoned an employee in another store, Mary Stacks, and asked if the loss prevention supervisor was there. After Stacks told Schwartz he was not there, Schwartz asked her to count a pallet full of empty radio boxes, go to the loss prevention office and count the radios there, and then throw away any excess boxes. Stacks was uncomfortable with the request and advised the loss prevention supervisor, who in turn contacted Gilbert. Weeks earlier, Home Depot demoted assistant manager Jeff Barnes, who is under age 40, to an hourly position for violating inventory procedures. Gilbert, Scalese and Owens interviewed employees and learned Schwartz and the door monitors used radios, but Schwartz did not take them out of store inventory. Schwartz admits this. By counting empty boxes as inventory, Schwartz avoided acknowledging items valued at $4,000, for which he was responsible, were not in the store. This violated inventory procedures. After the investigation, Walker and district manager Johnson determined Schwartz should be demoted to an hourly

position like Barnes. In May 1999, Scalese and Owens advised Schwartz of his demotion. Home Depot transferred him to a different store, and assigned him to the position of store auditor.

In June 1999, Schwartz reported to store manager Marcel Gilbert that assistant manager Mike Simandl interfered with the store's return to vendor system. Gilbert told Schwartz that he and Johnson would handle the situation. Despite this, at a meeting attended by Simandl, Schwartz made a statement that Gilbert construed as alerting Simandl to Home Depot's concerns. Supervisor Steve Street heard Schwartz's comment and came to the same conclusion. Gilbert and Street wrote memoranda about this incident and placed them in Schwartz's personnel file. Schwartz was not disciplined. In July 1999, assistant store manager Deborah Taliaferro documented two conversations she had with Schwartz. Schwartz was not disciplined. Taliaferro also issued Schwartz a notice for violating time and attendance policies when he attended a store-sponsored, voluntary activity without clocking out. In August 1999, Gilbert found out Schwartz was on jury duty for less time than he reported for reimbursement and issued Schwartz a notice for violating time and attendance policies. Schwartz complained to the regional vice president of human resources about the July and August 1999 notices and they were removed from his personnel file.

Earl Young became store manager where Schwartz worked. In December 1999, all store auditor positions were eliminated. Young transferred Schwartz to door monitor because, like store auditors, they work with loss prevention. Schwartz lost no salary or benefits. Supervisor John Spivey created the schedules. To ensure proper coverage, Spivey scheduled every full-time monitor to work part of the weekend.

On October 15, 1999, Schwartz's attorney sent Home Depot a letter threatening litigation.

On November 29, 1999, Schwartz filed a charge of discrimination with the Illinois Department of Human Rights and the Equal Employment Opportunity Commission ("EEOC"). In March 2000, Schwartz voluntarily moved to the position of tool rental associate in a different store at a rate of $18.00 per hour. District manager Michael Koulianas told manager Tim Joslyn an employee's pay should not increase greatly if he earned a lot relative to his duties. Joslyn told Schwartz he was a highly paid hourly employee and needed to take on more duties to receive a big raise. On July 21, 2000, Schwartz resigned. Schwartz contends he was constructively discharged because Home Depot would not reverse his demotion or enable him to recover his stock options and other income. Schwartz claims his duties and schedule as door monitor contributed to his constructive discharge.

## DISCUSSION

### I. Summary judgment standard

Summary judgment is proper when the moving papers and affidavits show there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); King v. National Human Res. Comm., Inc., 218 F.3d 719, 723 (7th Cir. 2000). Once a moving party has met its burden, the nonmovant must go beyond the pleadings and set forth specific facts showing there is a genuine issue for trial. Silk v. City of Chicago, 194 F.3d 788, 798 (7th Cir. 1999). The court considers the record as a whole and draws all reasonable inferences in the light most favorable to the nonmoving party. Bay v. Cassens Transp. Co., 212 F.3d 969, 972 (7th Cir. 2000). A genuine issue of material fact exists when the evidence is sufficient to support a reasonable jury verdict in favor of the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

## II. Age discrimination

Schwartz may prove age discrimination with either direct or circumstantial evidence. Adreani v. First Colonial Bankshares Corp., 154 F.3d 389, 393 (7th Cir. 1998). Because Schwartz has not produced any direct evidence of discrimination, he must rely on the McDonnell Douglas burden-shifting model. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-03 (1973). Thus, Schwartz must establish a *prima facie* case by showing that he was over age 40; qualified for promotion; not promoted; and similarly situated younger employees were promoted instead. Baron v. City of Highland Park, 195 F.3d 333, 340 (7th Cir. 1999). The burden shifts to Home Depot to articulate a legitimate, nondiscriminatory reason for not promoting him. Beatty v. Wood, 204 F.3d 713, 717 (7th Cir. 2000). Schwartz must then show the reason is a pretext for discrimination. *Id.* Home Depot does not dispute Schwartz was over 40 and was not promoted. Home Depot argues he was not qualified for promotion, not similarly situated to those promoted, and cannot show its reason for not promoting him is a pretext.

### A. Statute of limitations for age discrimination

Charges must be filed with the EEOC within 300 days after the alleged unlawful practice occurred or they are time-barred. Heuer v. Weil-McLain, 203 F.3d 1021, 1022 (7th Cir. 2000). Schwartz's charge alleging age discrimination was filed November 29, 1999. Thus, he is time-barred from supporting his age claim with any conduct occurring prior to February 2, 1999. During Schwartz's tenure in loss prevention, Zilleox promoted six managers in 1997 and 1998.

Schwartz responds that under the continuing violation theory, his claim is not time-barred. Jones v. Merchants Nat'l Bank & Trust Co., 42 F.3d 1054, 1058 (7th Cir. 1994). To succeed, Schwartz must show that Home Depot's promotion decisions were closely related with one

occurring within the limitations period, constituting a continuing violation. Selan v. Kiley, 969 F.2d 560, 565 (7th Cir. 1992). It is undisputed the final promotion Schwartz complains about was in March 1998, almost a year before the limitations period. Without an act within the limitations period, Schwartz's continuing violation theory fails. Speer v. Rand McNally & Co., 123 F.3d 658, 664 (7th Cir. 1997). Even if one of the promotions were within the limitations period, Schwartz's continuing violation theory fails because promotions are discrete and permanent actions that should have caused him to sue separately, rather than await repetition. Jones, 42 F.3d at 1058; Nair v. Bank of Am., Ill., 991 F. Supp. 940, 957-58 (N.D. Ill. 1997). Further, there is no continuing violation because Schwartz knew or with the exercise of reasonable diligence should have known after each promotion that it might be discriminatory. Id. He knew that he did not receive the promotions, that the individuals promoted were younger than himself, and believed he was at least as qualified as they were when they were promoted. In fact, Schwartz complained about not receiving the promotion three separate times and believed the promotions might be age-based.

**B.     Qualified, similarly situated, and pretext**

Zilleox's criteria for promotion included longevity at Home Depot and proven success as a supervisor. Zilleox repeatedly informed Schwartz of these considerations when he asked why he had not received various promotions. Each individual promoted in loss prevention had these qualifications; they all worked as supervisors almost to three years at Home Depot. In contrast, Schwartz worked as a supervisor for about six months before he began arguing he was entitled to promotion. About two years after his hire, Schwartz ceased seeking promotion in loss prevention to accept a promotion as an assistant store manager trainee. Schwartz never accumulated enough

experience at Home Depot or as a supervisor to be promoted to a manager in loss prevention. Without any evidence, Schwartz argues he was qualified for promotion, but the criteria Zilleox used did not take into account his excellent performance record or prior experience. Schwartz cannot avoid summary judgment by arguing different criteria should have been used. Baron, 195 F.3d at 340; see Vanasco v. National-Louis Univ., 137 F.3d 962, 967 (7th Cir. 1998). Further, Schwartz argues Zilleox's main criteria were being under 40 and blind loyalty to Zilleox, but he presents no evidentiary support for this argument.

Schwartz has not shown he is similarly situated to the employees promoted to manager. All of the employees promoted had longer tenure with Home Depot and as supervisors in loss prevention.[2] Additionally, four of the supervisors promoted held numerous positions with Home Depot, and had experience in departments other than loss prevention. Dearrigunaga, Deak and Bass held salaried positions in store operations. Deak, Bass, and Scalese held hourly positions in store operations. In contrast, Schwartz was only a supervisor in loss prevention and for a significantly shorter period than those promoted. Schwartz contends that longevity was never a formal requirement and Zilleox did not publish the criteria he used to evaluate candidates. This contradicts the undisputed fact that Zilleox told Schwartz why he was not promoted each time he complained another person was promoted to manager. Schwartz also asserts experience in other departments and positions is irrelevant to whether he is similarly situated to those promoted. His opinion is irrelevant. *Id.* Schwartz also contends his performance exceeded that of the individuals promoted. This too is irrelevant. Mills v. First Fed. Sav. & Loan, 83 F.3d 833, 843 (7th Cir. 1996)

---

[2] In his complaint, Schwartz alleges Zilleox recruited him by promising to promote him within six months service, but he offers no evidence to support this allegation.

(employee's self-assessment insufficient to contradict employer's assessment). Fatally, Schwartz does not offer any evidentiary support for his assertions. Finally, Schwartz does not proffer any evidence that Home Depot's reasons for not promoting him are pretextual. In fact, Schwartz does not even address the issue in his response.

## III. Retaliation

To state a claim of retaliation, Schwartz must prove that he engaged in protected expression; suffered an adverse job action; and there is a causal link between the expression and the job action. Paluck v. Gooding Rubber Co., 221 F.3d 1003, 1009 (7th Cir. 2000). Home Depot must then articulate a legitimate, nonretaliatory reason for the action, and Schwartz must show it is a mere pretext for retaliation. *Id.* Home Depot argues that Schwartz cannot establish a single element of his *prima facie* case.

### A. Statute of limitations for retaliation

Schwartz premises his allegations of retaliation on numerous events outside the 300-day limitations period. These include Schwartz's denials of promotion in 1997 and 1998, performance reviews in 1997 and 1998, and a verbal warning in 1998. Schwartz cannot base his retaliation claim on these incidents that happened before February 2, 1999, 300 days prior to the date he filed his EEOC charge. Without any support, Schwartz responds that the denials of promotion, the reviews, his transfer out of loss prevention, his demotion from assistant manager trainee, the warnings, and transfer to door monitor are all a continuing violation. As discussed, denials of promotion are not a continuing violation. The reviews occurred before the limitations period, and Schwartz then voluntarily transferred out of loss prevention in mid-March 1999, resulting in a promotion to assistant store manager trainee. Schwartz offers no evidence of a continuing

-9-

violation. Selan, 969 F.2d at 565.

### B. Statutorily protected expression, adverse job action, causal link

To survive summary judgment, Schwartz must show he engaged in protected activity by complaining about age discrimination. Miller v. American Family Mut. Ins. Co., 203 F.3d 997, 1007 (7th Cir. 2000). Schwartz complained to Zilleox about his failure to be promoted to manager, but presents no evidence he even suggested age was a factor to anyone at Home Depot. Even in his faulty affidavit - - -that is not signed or notarized - - -Schwartz does not assert he complained of age discrimination. Rather, he states that he noticed only people under the age of 40 received promotions under Zilleox's criteria. Pl. Facts Ex. 1 at ¶¶ 6-7. Schwartz argues that by complaining about these criteria "which in its *effect* is discriminatory" he opposed age discrimination. Pl. Resp. at 6 (emphasis added).[3] While Schwartz is not required to used the words "age discrimination," generalized complaints are not protected. Miller, 203 F.3d at 1007. He must at least have said something to indicate age was an issue. *Id.* at 1008. Thus, the first protected activity Schwartz engaged in is his attorney's letter to Home Depot.

The only alleged retaliatory conduct after this letter consists of scheduling Schwartz to work weekends as a door monitor, and being advised that he would not receive a big raise unless he took on added responsibilities. These incidents do not constitute adverse job actions. There is no basis for retaliation if Schwartz did not suffer an adverse job action. Smart v. Ball State Univ., 898 F.3d 437, 440-41 (7th Cir. 1996). The job action must be materially adverse. Ribando v. United Airlines, Inc., 200 F.3d 507, 510-11 (7th Cir. 1999). It must be more than an inconvenience

---

[3] At most, Schwartz's complaint that Zilleox's criteria resulted in promotion of employees under 40 being promoted to manager is a disparate impact claim and is not cognizable under the ADEA. Erickson v. Board of Governors, 207 F.3d 945, 949 (7th Cir. 2000).

-10-

or alteration of job responsibilities. *Id.* Examples of adverse actions include termination, a demotion evidenced by a decrease in pay, a less distinguished title, a material loss of benefits or significantly diminished material responsibilities. *Id.* Schwartz's transfer to door monitor from store auditor does not constitute an adverse job action. It is undisputed the store auditor position was eliminated, that Schwartz was transferred to the position of door monitor due to his experience in loss prevention, and that he suffered no decrease in pay or benefits. Hill v. American Gen. Fin. Inc., 218 F.3d 639, 645 (7th Cir. 2000). Although Schwartz argues his responsibilities and title were materially affected by the transfer, he offers no proof to support this argument. Further, his schedule as door monitor and advice that he take on more responsibilities for a large wage increase do not constitute adverse job actions. *Id.* Schwartz's performance reviews do not constitute adverse job actions. Despite the reviews, Schwartz received above average salary increases while a loss prevention supervisor. *Id.* Finally, the memoranda in Schwartz's personnel file from which no discipline resulted, and warnings that were removed from his file are not adverse job actions because Schwartz suffered no loss of pay or benefits as a result. Krause v. La Crosse, 246 F.3d 995 (7th Cir. 2001).

The only possible adverse job action is Schwartz's demotion from assistant store manager trainee to store auditor in May 1999. But Schwartz has not shown his demotion was motivated by any protected activity. To establish a causal link, Schwartz must show his complaints about promotion and the adverse job action are not "wholly unrelated." Sauzek v. Exxon Coal USA, Inc., 202 F.3d 913, 918 (7th Cir. 2000). Schwartz argues the timing of the demotion provides the necessary link. McClendon v. Indiana Sugars, Inc., 108 F.3d 789, 796 (7th Cir. 1997). Schwartz states that a month after he left the loss prevention department he was demoted. But the date for

-11-

evaluating the strength of a temporal link is spring 1998, the last time Schwartz objected to not receiving a promotion. Schwartz's demotion came over a year later at the direction Gilbert, Walker, and Johnson. With nothing connecting his complaints about failing to receive a promotion in loss prevention to his demotion from assistant store manager in store operations, Schwartz's temporal link is too attenuated. Sauzek, 202 F.3d at 918 (three months insufficient); Hughes v. Derwinski, 967 F.3d 1168, 1174-75 (7th Cir. 1992) (four months insufficient).

Schwartz must also show that a reasonable fact finder could infer Home Depot did not honestly believe the reasons for its actions. Anderson v. Baxter Healthcare Corp., 13 F.3d 1120, 1124 (7th Cir.1994). Schwartz claims that his performance reviews conducted by Bass were low because of retaliation. But Bass rated Schwartz solely on his assessment of Schwartz's performance. Schwartz's opinion that he should have been rated higher does not create an issue of fact about Home Depot's motivation in these reviews. Mills, 83 F.3d at 843; Kuhn v. Ball State Univ., 78 F.3d 330, 331-32 (7th Cir. 1996). Schwartz also complains Zilleox's verbal warning was the result of retaliation. But the warning was based on Schwartz's unprofessional behavior at a staff meeting. Schwartz complains his demotion to store auditor was the result of retaliation. But Schwartz was demoted by Gilbreth, Walker, and Johnson after an investigation showed he violated Home Depot's inventory procedures. Schwartz fails to proffer evidence that Home Depot did not honestly believe the results of the investigation or that his conduct violated inventory policies. Following his demotion to store auditor, Schwartz complains several memoranda to his personnel file and written warnings constitute retaliation. Schwartz was not disciplined as a result of the memoranda and the warnings were rescinded. Each of the managers wrote these documents based on their assessment of Schwartz's behavior. Schwartz also blames

his transfer to door monitor on retaliation. Home Depot eliminated the store auditor position and Young transferred Schwartz to door monitor because of his loss prevention experience. Schwartz further complains scheduling him to work weekends constitutes retaliation. But Spivey scheduled every full-time monitor to work part of the weekend based on scheduling needs. Finally, Schwartz alleges Joslyn's statement that Schwartz would not receive a large raise unless he took on more responsibilities was retaliation. Joslyn, however, was relaying advice from his supervisor that an employee's wages could be capped if they were high relative to his responsibilities. In response, Schwartz offers a rambling argument, unsupported by evidence or case citations.

## IV.  Constructive discharge

To establish a constructive discharge, Schwartz must show his working conditions were so discriminatorily intolerable that a reasonable person would have been compelled to resign. Rabinovitz v. Pena, 89 F.3d 482, 489 (7th Cir. 1996). Schwartz must seek redress for his complaints while remaining on the job unless confronted by a "situation beyond ordinary discrimination." *Id.* Schwartz claims he was constructively discharged when he concluded that Home Depot would not reverse his demotion and enable him to recover the stock options and income he lost as a result. This is insufficient. Most of the conditions Schwartz complains about were resolved by his transfer in March 2000 to tool rental associate, four months before he resigned. Schwartz has alleged nothing other than "ordinary" discrimination. Drake v. Minnesota Mining & Mfg. Co., 134 F.3d 878, 887 (7th Cir. 1998). Schwartz argues his duties and schedule as door monitor contributed to his discharge. But by the time he left Home Depot, Schwartz worked over four months as a tool rental associate with no complaints about his duties or schedule. He cannot establish he was constructively discharged. *Id.*

## CONCLUSION

The motion for summary judgment is granted.

ENTER:

*Suzanne B. Conlon*

Suzanne B. Conlon

June 13, 2001

United States District Judge